1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JAMES WHITTENBURG,

11            Petitioner,              No. CIV S-06-2631 MCE DAD P

12     vs.

13  ROBERT A. HOREL,

14            Respondent.             <u>FINDINGS AND RECOMMENDATIONS</u>

15  _____/

16            Petitioner is a state prisoner proceeding pro se with an amended petition for a writ

17  of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's motion to

18  dismiss the petition as time barred under the applicable statute of limitations.  Petitioner has not

19  filed an opposition to the motion.

20            Petitioner was convicted in the San Francisco County Superior Court of first

21  degree murder in 1987 and was sentenced to an indeterminate term of 25 years to life in state

22  prison.  In his amended petition now pending before the court, he challenges the Board of Prison

23  Terms' May 1, 2002 decision denying him parole.  (Am. Pet. at 4.)  Petitioner claims that the

24  factors relied upon by the Board in denying him parole at that time (the nature of the

25  commitment offense and the manner in which it was carried out along with dated and non-violent

26  disciplinary charges during incarceration) do not meet the "some evidence" standard and that the

1

1  Board's 2001 decision was therefore arbitrary and in violation of his right to due process.  (Id. at

2  4-6.)

3  I.  Respondent's Arguments

4          Respondent contends that petitioner failed to pursue the administrative appeal that

5  was available to him at the time of the 2001 parole denial under California Code of Regulations,

6  Title 15, sections 2050 and 2051.[1]  Because no administrative appeal was filed, respondent

7  contends that the Board's decision became final on August 30, 2002, 120 days after the parole

8  hearing.  In this regard, respondent relies on California Penal Code § 3041(b) which provided

9  that "any decision of the parole panel finding an inmate suitable for parole shall become final

10  within 120 days of the date of the hearing" unless disapproved by a majority vote of the Parole

11  Board.  Cal. Penal Code § 3041(b).

12          Respondent contends that petitioner filed a habeas petition challenging the May 1,

13  2002 parole denial with the California Supreme Court on July 12, 2005.  That petition was

14  denied on March 22, 2006.  Respondent argues, however, that the AEDPA's one-year statute of

15  limitations for the filing of a federal habeas petition had already expired by the time petitioner

16  filed his first state petition with the California Supreme Court.  Specifically, respondent asserts

17  that the petition submitted to the highest state court was filed 1,046 days (two years, ten months,

18  and twelve days) after petitioner had become aware of the factual predicate for his claims when

19  the Parole Board's decision became final.  Therefore, respondent asserts that petitioner is not

20  entitled to statutory tolling.  Finally, respondent argues that petitioner has not alleged that any

21  extraordinary circumstances prevented him from timely filing his federal petition which would

22  entitle him to equitable tolling.  Therefore, respondent contends, the motion to dismiss the

23  petition as time-barred should be granted.  The undersigned agrees that the motion to dismiss

24  should be granted.

25  _____

26          [1]  On May 1, 2004, the administrative appeal process with respect to parole denials in California was repealed.

II.  <u>Analysis</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The AEDPA one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition.  <u>See Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment."  <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted).  <u>See</u> <u>also</u> <u>Redd v. McGrath</u>, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions).

3

When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In Redd, a California state prisoner challenged the parole board's determination that he was unsuitable for parole. The district court dismissed the prisoner's federal habeas petition as untimely on the ground "that 'the factual predicate' of Redd's claims was the Board's denial of Redd's administrative appeal on December 7, 1998, and that the limitations period began to run on the following day." Redd, 343 F.3d at 1080. The Ninth Circuit affirmed, explaining that the date of the factual predicate was to be determined "by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence." Redd, 343 F.3d at 1082. The Ninth Circuit concluded:

> We agree with the district court that the factual basis of Redd's habeas claims was the Board's denial of his administrative appeal on December 7, 1998. Redd does not dispute that he received notice of the Board's decision on December 7. The limitations period therefore began to run the following day.

Id.

The Ninth Circuit also noted in Redd that four other federal courts of appeals had held that 28 U.S.C. § 2244(d)(1)(D) applies to habeas petitions challenging the decisions of administrative bodies such as parole and disciplinary boards. Id. at 1082 n.8 (citing Wade v. Robinson, 327 F.3d 328, 332 (4th Cir. 2003); Cook v. New York State Div. of Parole, 321 F.3d 274, 280 (2d Cir. 2003); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 364 (5th Cir. 2002)). The Ninth Circuit observed that three of those four

/////

/////

/////

4

1  courts had decided that the AEDPA statute of limitations begins running in such cases on the

2  date the administrative decision becomes final.  Id. at 1084 (citing Wade, Cook, and Burger).[2]

3              Subsequently, the Ninth Circuit decided what it had assumed in Redd:

4          § 2244's one-year limitation period applies to all habeas petitions
           filed by persons in 'custody pursuant to the judgment of a State
5          court,' even if the petition challenges a pertinent administrative
           decision rather than a state court judgment.
6

7  Shelby, 391 F.3d at 1062-63 (citation omitted).  The Ninth Circuit again cited the decisions in

8  Cook, Wade, and Kimbrell, finding them consistent with the language of AEDPA, rules of

9  statutory construction, and purposes of the AEDPA.  Id. at 1063.  The court considered and

10  rejected the Seventh Circuit's rule that the limitation period does not apply to petitions contesting

11  administrative decisions.  Id. at 1063-65 (discussing Cox v. McBride, 279 F.3d 492, 493-94 (7th

12  Cir. 2002)).

13              In the habeas petition pending before this court, petitioner challenges the Board of

14  Prison Terms' May 1, 2002 decision denying him parole.  By its terms, and in light of

15  petitioner's election not to pursue an administrative appeal, that decision became final on May

16  24, 2002.  (See Am. Pet at 82, Ex. A at 57.)[3]  Here, the factual predicate for petitioner's claims

17  was the date the parole decision became final, which was May 24, 2002.  See Redd, 343 F.3d at

18  1082.  Accordingly, the AEDPA statute of limitations for the filing of a federal habeas petition

19  began to run on May 25, 2002 and expired on May 26, 2003.[4]  However, petitioner did not file

20

21      [2]  Only the Fifth Circuit has held that the limitations period begins to run "when the initial
    administrative decision is made, before any administrative appeals."  Redd, 343 F.3d at 1084

22  n.11 (citing Kimbrell, 311 F.3d at 363-64).

23      [3]  In this regard, the undersigned disagrees with respondent's position that pursuant to
    California Penal Code § 3041(b) the decision denying parole did not become final until 120 days

24  after the hearing on August 30, 2002.  In this regard, § 3041(b) by its own terms applied only to
    those cases in which the parole panel found an inmate "suitable for parole."  Here, petitioner

25  challenges a parole denial, the effective date of which was May 24, 2002.

26      [4]  May 25, 2003 was a Sunday so the limitations period did not expire until the next day.
    See Rule 6(a) of the Federal Rules of Civil Procedure.

his first state habeas petition challenging the May 1, 2002 parole denial with the California

Supreme Court until July 12, 2005.  Of course, the statute of limitations is not tolled during the

interval between the date on which a decision becomes final and the date on which the petitioner

files his first state collateral challenge.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Since petitioner's state habeas petition was filed with the California Supreme

Court after the AEDPA statute of limitations had already expired, petitioner is not entitled to any

period of statutory tolling.  Moreover, petitioner has not carried his burden of establishing that he

is entitled to equitable tolling because (1) he has been pursuing his rights diligently, and (2) some

extraordinary circumstance stood in his way.  See Pace v. DiGuglielmo, 544 U.S. 408, 418

(2005).  See also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (assuming

without deciding that equitable tolling applies to § 2244(d)).[5]

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's August 28, 2007 motion to dismiss the amended petition as

barred by the applicable statute of limitations be granted; and

2.  This action be dismissed.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

---

[5] The court notes that in his pending petition petitioner refers to a subsequent 2005 parole denial and even attaches a copy of the transcript of his 2005 parole hearing in an apparent attempt to bolster his challenge to the May 2002 decision denying him parole.  However, the amended petition before the court quite clearly presents only a challenge to the 2002 parole denial.  Moreover, as respondent notes, any claim to the contrary by petitioner would be of no avail since he has failed to exhaust his state court remedies with respect to any separate challenge to the December 2005 parole denial.

1   shall be served and filed within ten days after service of the objections.  The parties are advised

2   that failure to file objections within the specified time may waive the right to appeal the District

3   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4   DATED: December 20, 2007.

5

6

7

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

8   DAD:4
    whitt2631.157

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26